

The Law Offices of
# PETER N. DAVIS
*and Associates, LLC*

100 Hamilton Plaza, Suite 420
Paterson, New Jersey 07505

## AGREEMENT TO PROVIDE LEGAL SERVICES FOR A CONTINGENT FEE

DATE: 12/8/17

1. CLIENT: (You or your child are the client) Your names and addresses are:

   Name: Gilberto Lanciano
   Street: 261 E. 16th St.
   City: Paterson    State: NJ    Zip: 07524

2. THE LAWYER: In this agreement, the words "US", "WE", and "ATTORNEY" refer to our firm. Work done on your case will include work done by attorneys, paralegals, and case managers employed by our firm. You have employed us to make a claim against anyone who has caused you injuries. Our Firm's name, principal address, and phone number is:

   PETER N. DAVIS & ASSOCIATES, LLC
   100 HAMILTON PLAZA, SUITE 420
   PATERSON, NJ 07505
   (973)279-7246

3. DATE OF ACCIDENT: 11/16/17

4. TYPE OF PROBLEM: You have retained us for the purpose of pursuing a claim related to:
   Personal Injuries Only ✓    Personal Injuries and Property Damage ___

5. RIGHT TO PAY BY THE HOUR OR BY A PERCENTAGE: Although the client(s) has been advised of the right to pay the attorney on a basis of an hourly fee, the client and attorney agree that the attorney should be paid based on a contingent fee. The contingent fee is to be computed as follows:
   a. 33.33% of the first $750,000.00 recovered and
   b. 30.00% on the next $750,000.00 recovered and
   c. 25.00% on the next $750,000.00 recovered and
   d. 20.00% on the next $750,000.00 recovered and
   e. No fee if nothing is recovered

  f. Reduced Fees for Minors or Mentally Incapacitated:
- Where the amount recovered is for the benefit of the client who was a minor or incompetent, the foregoing limits shall apply, except that any fee on any amount recovered by settlement without trial shall not exceed 25.00% if this matter is settled before empaneling of the jury or, in a bench trial, the earlier to occur of plaintiff's opening statement or the commencement of testimony of the first witness, pursuant to R.1:21-7 (c)(6)

  g. It is understood that the attorney has the right to, and will apply to the court for, a fee on any amount recovered by the way of verdict or settlement in excess of $2,000,000.00 pursuant to R. 1:21-7 (f)

  h. If the case is settled in whole or in part by periodic payments (Structured Settlement), the fee is based on the value of the settlement, including the actual cost of the structure

  i. We have the right under the Court Rules to ask the Court to raise our fee, if it is unreasonably low in light of our time and effort. You will be given a copy of our written request for this procedure, if we decide to ask for a higher fee.

6. **ALTERNATIVE FEE PLAN:** You have the right to hire us and pay us based upon the reasonable value of our services. In such case, we have the right to be paid our usual hourly charges, even if you do not win your case. If you prefer that method of paying, then do **not** sign this document. Instead, we will present you with a different agreement. Our hourly rate is $400.00 per hour.

7. **MEDICAL BILLS:** We will assist you in getting your medical bills paid through your Personal Injury Protection (PIP) Policy, if applicable. We will **not** institute suit against the insurance company for this unless we specifically agree to do so in writing. If your medical providers request us to protect their bills out of any settlement proceeds; you may authorize us to do so by initialing at the bottom of this paragraph on the space provided.
    Client (s) Initials __G. L.__

8. **OBLIGATIONS OF EACH OF US:** Our firm agrees to process this claim on your behalf. We will expect you to cooperate and follow our instructions. If you are legally married, you authorize us to name your spouse as a party plaintiff for loss of consortium in any lawsuit we may file if we deem appropriate.

  A. If the client fails to cooperate with the attorney at any time during the lawsuit, the attorney has the right to apply to the Court, asking that the attorney no longer be required to represent the client in the lawsuit. If that should occur, the lawyer will be entitled to be paid for all services performed for the client up to that time at a rate of $400.00 per hour. Failure to cooperate includes the client's refusal to himself (herself) available for meetings with the attorney or any of the doctors who will examine the client as part of this lawsuit. It shall also include the failure of the attorney. It shall also include the client's failure to make prompt payments of disbursements as billed.

  B. If the client should decide, after (s)he signs this agreement, that (s)he no longer wishes to continue with the lawsuit against the defendants, the client has the right to ask the attorney to have the lawsuit stopped and taken out of Court. However, if the client

asked the attorney to stop the lawsuit, the client shall be responsible for paying the attorney for all services performed by the attorney up to the time when the lawsuit is stopped. The client shall pay for these services at the rate of $400.00 per hour.

9. **FEE BASED ON NET RECOVERY AFTER DEDUCTING EXPENSES:** The above contingent fee shall be computed on the net recovery. The net recovery is arrived at by deducting the gross recovery from all expenses incurred in connection with the claim, including, but not limited to: experts' fees, court costs, accountants' fees, appraisers' fees, service fees, investigators' fees, deposition costs, messenger services, photocopying charges, telephone toll costs, postage, costs of briefs and transcripts on appeal, medical reports, and any other necessary expenses in this matter.

10. **CLIENT OPTION TO ADVANCE COSTS:** Under Court rule 1:21-7(d), all costs and expenses required in prosecuting the case may be either advanced by the client or by the attorney. The client may choose either option. If the client elects to advance the money for costs and expenses, the client must pay each cost and expense as it is incurred. If the client elects to have the attorney advance the money for costs and expenses, the money shall be reimbursed to the attorney at the time of settlement or verdict.
**INITIAL YOUR PREFERENCE:**

_____ I elect to advance the money for costs and expenses;

\_\_\_✓\_\_\_ I elect to have PETER N. DAVIS & ASSOCIATES, LLC. advance the money for costs and expenses.

11. **USE OF EXPERTS:** Should the client's case go to trial, testimony by an expert witness will be necessary. At any time prior to trial at the attorney's discretion, the client shall be required to pay the expert fees charged to appear and testify on the case. Should the case settle at any time prior to the actual trial or before the expert testifies at trial, that fee shall be refunded to the client as conditioned by the expert. \_\_G.L.\_\_
**CLIENT INITIAL**

12. **RIGHT TO WITHDRAW/REJECTION OF ATTORNEY'S ADVICE:** The attorney has the right to withdraw if a settlement recommended by the attorney is not accepted by the client. The attorney will then be entitled to a fee based on that settlement offer. In the event you reject our advice concerning settlement negotiations, we normally require you to advance any further costs if you wish to proceed further with your case. In the event that the claim referred to in this agreement becomes, at the attorney's sole discretion, either economically unreasonable to pursue because of costs, or if after the investigation we feel your case is not worthwhile to pursue, the client agrees the attorney may dismiss/withdraw from the case.

13. **RIGHT TO APPEAL:** In the event an adverse decision is make on our case by a judge or jury, we are not under an obligation to appeal that decision to a higher court unless you enter into a separate written agreement with us covering your financial responsibility to us in connection with an appeal.

14. **SIGNATURES:** The signatures of the parties shall acknowledge that they have read theis agreement and understand and agree to the terms set forth above. A copy of this contract has been given to you (or mailed), and we have answered any questions which the client may have. An amendment to this agreement in order to be valid must be done in writing and signed by all parties to this agreement.

15. **RECEIPT OF AN EXECUTED COPY OF THIS AGREEMENT AND THE INFORMATION LETTER IS ACKNOWLEDGED BY THE CLIENT:**

Date: 12-03/17

_____
Signature of Client

Date: _____

_____
Signature of Client

Date: 12/8/17

_____
Signature of Attorney
PETER N. DAVIS & ASSOCIATES, LLC

*revised 06/28/2017*



The Law Offices of
# PETER N. DAVIS
*and Associates, LLC*

100 Hamilton Plaza, Suite 420
Paterson, New Jersey 07505

## AGREEMENT TO PROVIDE LEGAL SERVICES FOR A CONTINGENT FEE

DATE: 12-8-2017

1. **CLIENT:** (You or your child are the client) Your names and addresses are:

   Name: ANGELA LONDONO

   Street: 261 E. 16TH STREET

   City: PATERSON    State: NJ    Zip: 07524

2. **THE LAWYER:** In this agreement, the words "US", "WE", and "ATTORNEY" refer to our firm. Work done on your case will include work done by attorneys, paralegals, and case managers employed by our firm. You have employed us to make a claim against anyone who has caused you injuries. Our Firm's name, principal address, and phone number is:

   PETER N. DAVIS & ASSOCIATES, LLC
   100 HAMILTON PLAZA, SUITE 420
   PATERSON, NJ 07505
   (973)279-7246

3. **DATE OF ACCIDENT:** 11-16-17

4. **TYPE OF PROBLEM:** You have retained us for the purpose of pursuing a claim related to:
   Personal Injuries Only ✓    Personal Injuries and Property Damage ___

5. **RIGHT TO PAY BY THE HOUR OR BY A PERCENTAGE:** Although the client(s) has been advised of the right to pay the attorney on a basis of an hourly fee, the client and attorney agree that the attorney should be paid based on a contingent fee. The contingent fee is to be computed as follows:
   a. 33.33% of the first $750,000.00 recovered and
   b. 30.00% on the next $750,000.00 recovered and
   c. 25.00% on the next $750,000.00 recovered and
   d. 20.00% on the next $750,000.00 recovered and
   e. No fee if nothing is recovered

    f.    Reduced Fees for Minors or Mentally Incapacitated:
- Where the amount recovered is for the benefit of the client who was a minor or incompetent, the foregoing limits shall apply, except that any fee on any amount recovered by settlement without trial shall not exceed 25.00% if this matter is settled before empaneling of the jury or, in a bench trial, the earlier to occur of plaintiff's opening statement or the commencement of testimony of the first witness, pursuant to R.1:21-7 (c)(6)

    g.    It is understood that the attorney has the right to, and will apply to the court for, a fee on any amount recovered by the way of verdict or settlement in excess of $2,000,000.00 pursuant to R. 1:21-7 (f)

    h.    If the case is settled in whole or in part by periodic payments (Structured Settlement), the fee is based on the value of the settlement, including the actual cost of the structure

    i.    We have the right under the Court Rules to ask the Court to raise our fee, if it is unreasonably low in light of our time and effort. You will be given a copy of our written request for this procedure, if we decide to ask for a higher fee.

6.    **ALTERNATIVE FEE PLAN:** You have the right to hire us and pay us based upon the reasonable value of our services. In such case, we have the right to be paid our usual hourly charges, even if you do not win your case. If you prefer that method of paying, then do **not** sign this document. Instead, we will present you with a different agreement. Our hourly rate is $400.00 per hour.

7.    **MEDICAL BILLS:** We will assist you in getting your medical bills paid through your Personal Injury Protection (PIP) Policy, if applicable. We will **not** institute suit against the insurance company for this unless we specifically agree to do so in writing. If your medical providers request us to protect their bills out of any settlement proceeds; you may authorize us to do so by initialing at the bottom of this paragraph on the space provided.
Client (s) Initials _AL_

8.    **OBLIGATIONS OF EACH OF US:** Our firm agrees to process this claim on your behalf. We will expect you to cooperate and follow our instructions. If you are legally married, you authorize us to name your spouse as a party plaintiff for loss of consortium in any lawsuit we may file if we deem appropriate.

    A. If the client fails to cooperate with the attorney at any time during the lawsuit, the attorney has the right to apply to the Court, asking that the attorney no longer be required to represent the client in the lawsuit. If that should occur, the lawyer will be entitled to be paid for all services performed for the client up to that time at a rate of $400.00 per hour. Failure to cooperate includes the client's refusal to himself (herself) available for meetings with the attorney or any of the doctors who will examine the client as part of this lawsuit. It shall also include the failure of the attorney. It shall also include the client's failure to make prompt payments of disbursements as billed.

    B. If the client should decide, after (s)he signs this agreement, that (s)he no longer wishes to continue with the lawsuit against the defendants, the client has the right to ask the attorney to have the lawsuit stopped and taken our of Court. However, if the client

asked the attorney to stop the lawsuit, the client shall be responsible for paying the attorney for all services performed by the attorney up to the time when the lawsuit is stopped. The client shall pay for these services at the rate of $400.00 per hour.

9. **FEE BASED ON NET RECOVERY AFTER DEDUCTING EXPENSES:** The above contingent fee shall be computed on the net recovery. The net recovery is arrived at by deducting the gross recovery from all expenses incurred in connection with the claim, including, but not limited to: experts' fees, court costs, accountants' fees, appraisers' fees, service fees, investigators' fees, deposition costs, messenger services, photocopying charges, telephone toll costs, postage, costs of briefs and transcripts on appeal, medical reports, and any other necessary expenses in this matter.

10. **CLIENT OPTION TO ADVANCE COSTS:** Under Court rule 1:21-7(d), all costs and expenses required in prosecuting the case may be either advanced by the client or by the attorney. The client may choose either option. If the client elects to advance the money for costs and expenses, the client must pay each cost and expense as it is incurred. If the client elects to have the attorney advance the money for costs and expenses, the money shall be reimbursed to the attorney at the time of settlement or verdict.
**INITIAL YOUR PREFERENCE:**

_____ I elect to advance the money for costs and expenses;

\_\_√\_\_\_ I elect to have PETER N. DAVIS & ASSOCIATES, LLC. advance the money for costs and expenses.

11. **USE OF EXPERTS:** Should the client's case go to trial, testimony by an expert witness will be necessary. At any time prior to trial at the attorney's discretion, the client shall be required to pay the expert fees charged to appear and testify on the case. Should the case settle at any time prior to the actual trial or before the expert testifies at trial, that fee shall be refunded to the client as conditioned by the expert. \_\_*AL*\_\_
**CLIENT INITIAL**

12. **RIGHT TO WITHDRAW/REJECTION OF ATTORNEY'S ADVICE:** The attorney has the right to withdraw if a settlement recommended by the attorney is not accepted by the client. The attorney will then be entitled to a fee based on that settlement offer. In the event you reject our advice concerning settlement negotiations, we normally require you to advance any further costs if you wish to proceed further with your case. In the event that the claim referred to in this agreement becomes, at the attorney's sole discretion, either economically unreasonable to pursue because of costs, or if after the investigation we feel your case is not worthwhile to pursue, the client agrees the attorney may dismiss/withdraw from the case.

13. **RIGHT TO APPEAL:** In the event an adverse decision is make on our case by a judge or jury, we are not under an obligation to appeal that decision to a higher court unless you enter into a separate written agreement with us covering your financial responsibility to us in connection with an appeal.

14. **SIGNATURES:** The signatures of the parties shall acknowledge that they have read theis agreement and understand and agree to the terms set forth above. A copy of this contract has been given to you (or mailed), and we have answered any questions which the client may have. An amendment to this agreement in order to be valid must be done in writing and signed by all parties to this agreement.

15. **RECEIPT OF AN EXECUTED COPY OF THIS AGREEMENT AND THE INFORMATION LETTER IS ACKNOWLEDGED BY THE CLIENT:**

Date: _12-8-17_  _____
Signature of Client

Date:_____  _____
Signature of Client

Date: _12/08/17_  _____
Signature of Attorney
**PETER N. DAVIS & ASSOCIATES, LLC**

*revised 06/28/2017*